Betsy Godley Butler died unmarried, without issue, in the life of her mother, and after the death of the mother this petition was exhibited by her next of kin claiming distribution of the said Lucy and her issue, and an account of their hire, as being a part of the personal estate of the said Mary subject to distribution.
The case was heard in the court below, at Spring Term, 1825, before Badger, Judge, who declared that by the two instruments taken together the whole legal estate in the slaves passed to Mary Godley in trust, for herself for life, remainder to Betsy G. Butler; but in case of the death of Betsy during the life of her mother, then in trust for Elias Godley and the other covenantors and grantors in the said instruments; and that, consequently, the defendant held in trust for them, and not for the next of kin of Mary Godley. The judge thereupon ordered the petition to be dismissed, with costs; and the petitioners appealed. This case was argued at June term last. (96)
The Court took time to consider, and now, at this term, the judges being divided, the opinion of a majority of the Court was delivered by
If a legal estate passed to Mary Godley by the deeds in question, the limitations after her life estate are void, and the whole interest vested in her. To me it is incomprehensible how a person can take to the use of or in the trust *Page 70 
for himself; that he should be his own trustee; that he should have a right to call upon himself to perform the use or trust, and, if refused, enforce performance. So far from such an union being recognized in law, it is a well-established maxim that if the two interests become vested in the same person, the use or trust immediately vanishes; it does not exist for a moment. It is true that where there is a sole corporation, as a parson or a bishop, the individual, the sole corporation, may hold in one capacity to the use of or in trust for the other; and there is an unsatisfactory attempt made to make a tenant in fee hold for himself in tail, but this is upon the ground that there are two persons, the one natural, the other artificial, and it was attempted to be shown that a tenant in tail is an artificial person, created by the statute de bonis; but this shows that it is upon the idea that there are two persons that the two interests are supported. I must therefore discard the idea entirely that Mary Godley held in trust for herself, and afterwards in trust for ulterior remainders.
That she took but a trust estate, her legal estate remaining in the grantors, appears to me to be also untenable. I will lay out of the case the contract of 1792, whereby the grantors bound themselves to purchase a negro girl and to limit (97) her to Mary Godley for life, and afterwards to her daughter, further than it is referred to, and its provisions by such express reference incorporated into the latter deed. The words of the deed of 1793 are that they, the grantors (naming them), having on that day delivered to Mary Godley, for the purposes declared in the annexed agreement, the negro Lucy for the consideration therein set forth, they then severally warrant the said girl upon trust to said Mary Godley, for life, and after the death to her daughter, etc.; and the question is, Does the legal estate pass to Mary Godley for life, or does it remain in the grantors? If the legal estate passes, the limitations are void; if it remain in the grantors, and nothing but trust passes, the trust is good. There are no words passing only a trust and retaining the legal estate; they deliver to her upon trust for the purposes of the annexed deed; the deed declares that they shall within eighteen months procure a negro of a certain description, and a good and lawful title to the said negro make to the said Mary, during the term of her natural life, and after death to her daughter, etc. Who are to perform the trusts, if there are any? The grantors? None are pointed out for them to perform; they are not to hold the negro in trust for Mary Godley, but Mary Godley is to hold upon trust. *Page 71 
They did not grant the trust (the beneficial estate only) to her, retaining the legal one themselves; but they gave the legal estate to her, and on her imposed the trusts. What were those trusts? The only ones expressed are that she would hold the negro during her own life, and that after death the negro should go to her daughter, and return to the grantors if the daughter should die before the death of her mother. Were I to presume, I should say these were the ideas intended to be conveyed by the term "in trust." But allowing that the person who drew this deed had the idea that by means of a trust growing out of a legal estate these future and contingent limitations of personal property could be made, and intended to draw ( 98 ) such deed as would effect that object, if he has not done so we cannot do it for him. No matter what he or the parties intended, we must decide the right of these parties upon what has been done, and not on what he intended to do. Is there a valid trustee to hold and preserve the legal estate until these future trusts arise? For it is upon that ground, and that ground only, that these future trusts can be supported. If there were any trusts declared, it was upon Mary Godley's legal estate, and not upon the estate of the grantors, and they were to her in the first instance, and if so, they vanished in a moment, and they will not arise again and fix on the estate after her death. I am constrained, therefore, to say that Mary Godley took the whole estate, and that upon her death the petitioners are entitled as her next of kin, she having died intestate.
Let the judgment of the Superior Court be reversed and the cause remanded with instructions that the Superior Court proceed in the cause.